**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MALIBU INVESTMENTS, LLC,<br><br>　　　　　　Plaintiffs,<br>　v.<br><br>MATTHEW ADAMS,<br><br>　　　　　　Defendant. | Case No. 5:14-cv-01963-PSG<br><br>**ORDER THAT CASE BE REASSIGNED WITH REPORT AND RECOMMENDATION THAT CASE BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>**(Re: Docket No. 5)** |

　　　　Before the court is Plaintiff Malibu Investments, LLC's motion to remand this unlawful detainer action back to Monterey County Superior Court for lack of subject matter jurisdiction.[1] Defendant Matthew Adams did not file an opposition. After considering the arguments, the court ORDERS the case be reassigned to a district judge with the recommendation that the case be remanded for lack of subject matter jurisdiction.[2]

---

[1] *See* Docket No. 5.

[2] The undersigned is ordering reassignment to a district judge and issuing a report and recommendation because, absent consent of all parties, a magistrate judge does not have authority to make case-dispositive rulings. *See* 28 U.S.C. § 636 (authorizing magistrate judges to submit "findings of fact and recommendations" to the district judge); *Tripati v. Rison*, 847 F.2d 548, 548-49 (9th Cir. 1988) (noting "a magistrate can prepare a report and recommendation which, after allowing opportunity for objections, a district judge can review" and adopt).

1

Case No. 5:14-cv-01963-PSG
ORDER THAT CASE BE REASSIGNED WITH REPORT AND RECOMMENDATION THAT CASE BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."[3] "Absent diversity of citizenship, federal-question jurisdiction is required."[4] Neither basis is present here. Malibu brings a single unlawful detainer claim grounded in state law.[5] Although Adams' civil cover sheet indicates federal question jurisdiction may be applicable,[6] his notice of removal relies on diversity jurisdiction.[7] Diversity, however, is plainly absent from the face of the pleadings: both parties are alleged to be residents of California.[8]

Because this case could not have been originally filed in federal court, removal of this case is not warranted. This case shall be reassigned so that a district judge may take up the motion.

**IT IS SO ORDERED**

Dated: May 28, 2014

PAUL S. GREWAL
United States Magistrate Judge

---

[3] *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.")).

[4] *Id.* (citing 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.")).

[5] *See* Docket No. 1-1, Ex. A.

[6] *See* Docket No. 1-3.

[7] *See* Docket No. 1 at ¶ 3 ("This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Further, this matter is one that may be removed to this Court pursuant to 28 U.S.C. § 1441 because it is a civil action between citizens of different states and in which the amount in controversy exceeds $75,000, exclusive of interest and costs.").

[8] *See id.* at ¶¶ 5-6 ("<u>Plaintiff</u>. Plaintiff is a Corporation doing business in California. <u>Defendant</u>. Defendant, Matthew Adams is an individual and resident of Los Gatos, California.").